Curia, per

Earle, J.
When Hall conveyed the premises to the plaintiff, he reserved the use of them one year, and thereby became the tenant of the plaintiff. He underlet a field to Berry, reserving one half of the produce for rent. The question is, whether the growing crop within the field planted by Berry, was subject to the specific lien of the executions against Hall, which were lodged in March and April, 1835, so as to entitle a levy of them afterwards, when the crop was gathered, to a preference over the assignment by Hall to the plaintiff in May, under which he had possession, after the crop was severed and before the levy.
That growing crops of wheat, corn, cotton, and the like, are personal chattels, and may be taken in execution, and sold, seems to be well enough settled, and the purchaser would of necessity be entitled to enter upon the premises and remove the pioduce. 1 Salk. 368 ; Owen, 70, 71; Poole’s case; Dolton; Watson; 1 B. & P. 397 ; 6 East. 604; 2 Johns. Rep. 421.
The question we have to determine is, to whom the growing crop belonged- — to-Berry or to Hall, or to both, as tenants in common. Hall, who *261 was the tenant of plaintiff, had demised the field in question to Berry, reserving one half the crop for rent. Berry, therefore, who planted the’ corn, was the tenant in possession. A temporary interest in the soil passed to him, and he might have maintained trespass for any unlawful entry upon it. The crop belonged to him, therefore, and to him alone. For the reservation of rent by Hall did not make him tenant in common' with Berry ; nor had he any interest or property in the specific produce, until his moiety was severed and delivered to him. Stewart vs. Doughty, 9 Johns. 108; Kandal et al. vs. Ramer, in notes. 2 Johns. 420; State vs. Gay, 1 Hill, 364. The claim or right of Hall vested in contract merely ;■ a chose in action which might be assigned, but could not be seized and sold under execution until the crop was gathered, divided and delivered, by which Hall would acquire at once property and possession. Before that period Hall had assigned his claim or right to the plaintiff, and to him -Berry delivered the moiety, after severance, and before the levy. If the' Sheriff, under an execution vs. Hall, could not before that time levy and' sell, I think the lien did not attach. I apprehend there can be no lien on meré rights which cannot be seized and sold. In Rogers vs. Colder, 2 Bail. 58, it was held that where an overseer is by contract to have a portion of the crop in place of wages, he has no such interest as can'be levied, until his portion be set apart, and be delivered to him. Holcombe vs. Townsend, 1 Hill, 399, is to the same effect.
The motion is dismissed.
Gantt, Richardson, Evans, and Bütlek, JJ. concurred.